[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Both parties have stipulated to the following facts. In September of 1984, South Kingstown Housing Authority (plaintiff), solicited bids for a federally funded construction project. The advertised solicitation provided that bids would be accepted until October 24, 1984 at 2:00 p.m. at which time they would be opened. R.P. Iannuccillo and Sons Construction Company (defendant), submitted a bid to perform the specified work for $125,315.00. The bid package for the project consisted of the Project Manual and two addenda. Defendant submitted a bid bond issued by Aetna Casualty and Surety Company (Aetna), also a defendant in this case. On December 13, 1984, defendant provided plaintiff with an initial Certificate of Previous Participation, which was illegible. Later, on December 23, 1984 defendant submitted a second Certificate of Previous Participation, which was then forwarded to HUD on December 26, 1984.
As advertised, plaintiff opened the submitted bids on October 24, 1984. Defendant was the lowest bidder by $19,536.00. Plaintiff alleges that pursuant to the Project Manual, defendant submitted an initial Certificate of Previous Participation to plaintiff on December 13, 1984. Plaintiff further alleges that because this Certificate was determined to be unacceptable, defendant executed a second Certificate dated December 23, 1984. Five days later, on December 28, 1984, plaintiff sent defendant a letter informing defendant that the project was being awarded to him. Defendant received this notification on January 2, 1985, 65 days after the opening of the bids.
Subsequently, defendant declined to accept the award. On January 4, 1985, defendant wrote a letter to plaintiff informing plaintiff that under the terms of the Invitation for Bids, defendant's offer had lapsed 45 days after the bid opening. Plaintiff demanded that defendant proceed with the contract, yet defendant failed to do so. Therefore, plaintiff eventually awarded the contract to the second lowest bidder for $144,851.00. This bid exceeded defendant's bid by $19,536.00. Plaintiff brought suit for breach of defendant's October 24, 1984 bid which is secured by a bid bond issued through defendant's insurance company and seeks damages in the amount of $19,536.00.
The issue before the court is whether, pursuant to the Project Manual documents, defendant's October 24, 1984 bid to perform the specified work remained in effect 65 days after the opening of the bids.
Defendant argues that pursuant to the documents contained in the Project Manual, defendant was bound to accept an award made within forty-five (45) days after the bid opening, but nolonger. Defendant argues that its bid lapsed upon the expiration of the 45 day period and thus defendant had no obligation to accept the award. In the alternative, defendant argues that the documents in the Project Manual are ambiguous as to whether defendant's bid remained in effect after the 45 day period, and therefore must be construed against the plaintiff as drafter.
Plaintiff denies that the contract is ambiguous. Furthermore, plaintiff submits that if the court finds an ambiguity in the Project Manual documents, the court must look to the totality of the facts to determine the intention of the parties. Lastly, assuming an ambiguity does exist in the Project Manual documents, plaintiff argues that the doctrine of estoppel applies. Due to defendant's failure to submit a valid Certificate of Previous Participation until December 23, 1984, plaintiff was unable to award the contract to defendant within the 45 day period.
The Rhode Island Supreme Court has acknowledged the fundamental principal of contract law, that "clear and unambiguous language set out in a contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions." Elias v. Youngken,493 A.2d 158, 163 (R.I. 1985). The plain language of the Project Manual documents clearly require defendant to hold his bid open for 45 days following the opening of the bids. The Invitation for Bids provides in pertinent part:
 No Bid shall be withdrawn for a period of forty-five (45) days subsequent to the opening of Bids, without the consent of the Housing Authority of South Kingstown, Rhode Island.
The question arises as to the validity of defendant's bid upon the expiration of this 45 day period. In paragraph 3 of the Form of Bid, defendant agreed to execute and deliver a contract according to its bid and furnish the required bond if defendant's bid is accepted within 45 days after the opening of the bids, or at any time thereafter before the Bid to Withdraw. The Form of Bid clearly refers to the withdrawal of a bid after the 45 day period. The pertinent language of the Form of Bid provides:
 If written notice of the acceptance of this Bid is mailed, telegraphed or delivered to the undersigned within 45 days after the opening thereof, or at any time thereafter before this bid is withdrawn,
the undersigned agrees to execute and deliver a contract in the prescribed form and furnish the required bond within (10) days after the contract is presented to him for signature. (emphasis added).
Since pursuant to this language of the Form of Bid, plaintiff may accept the said bid within 45 days after the opening of said bids, or at any time thereafter provided said bid is not withdrawn, defendant had the obligation to withdraw his bid after the forty-five (45) day period to escape its obligation to contract with plaintiff. The language of the Project Manual documents is unambiguous.
Defendant argues that his bid lapsed upon the expiration of the 45 days subsequent to the opening of the bids. According to the Restatement (Second) of Contracts § 41(1) (1981), "[a]n offeree's power of acceptance is terminated at the time specified in the offer, or, if no time is specified, at the end of a reasonable time." Subsection (2) of the Restatement further provides that "a reasonable time is a question of fact, depending upon all the circumstances existing when the offer and attempted acceptance are made."
The documents within the Project Manual neglect to specify a time in which defendant's bid is to terminate. Thus, defendant's bid is to lapse within a reasonable time. Examining the circumstances at the time the offer was made and accepted, defendant's conduct denotes an ongoing intention to hold its bid open. Between the expiration of the 45 day period subsequent to the opening of the bids and the time plaintiff accepted defendant's bid, defendant continued to communicate with plaintiff regarding the issuance of a valid Certificate of Previous Participation. The 45 day period in question expired on December 8, 1984. Five days later, defendant submitted a Certificate of Previous Participation to plaintiff. Because this Certificate was unacceptable, defendant for a second time, executed a Certificate dated December 23, 1984, only ten days prior to the awarding of the contract. It is reasonable to infer that defendant's conduct indicates his desire to obtain the contract even after the 45 day period. Considering the circumstances at the time, in particular defendant's conduct between December 8, 1984 and December 23, 1984, a reasonable time had not elapsed. Therefore, defendant's bid did not lapse.
Assuming arguendo that defendant's bid did not lapse upon the expiration of the forty-five (45) days subsequent to the opening of the bids, defendant's bid remained effective. It has long been established that an offerer may withdraw its offer any time before acceptance. Merritt Land Corporation v. Marcello,110 R.I. 166, 171-172, 291 A.2d 263, 266 (R.I. 1972). If withdrawn prior to acceptance, such offer becomes a "complete nullity and utterly void." Id. at 267. However, at no time prior to the acceptance of defendant's bid did defendant indicate to plaintiff his intention to withdraw his bid. On the contrary, on two separate occasions after the expiration of the forty-five (45) day period, defendant resubmitted two Certificates of Previous Participation in an attempt to make his bid acceptable. Thus, defendant's bid remained effective on January 2, 1985, and pursuant to the Project Manual documents, defendant was obligated to execute a contract pursuant to said bid. Defendant's refusal to execute a contract pursuant to its October 24, 1984 bid constitutes a breach of said bid.
Given the lack of ambiguity in the Project Manual documents and defendant's continuing attempt to validate its bid with a proper Certificate of Previous Participation, the court finds that defendant's bid remained in effect as of January 2, 1985. Additionally, defendant's failure to withdraw his bid prior to plaintiff's acceptance of said bid and defendant's subsequent failure to execute a valid contract pursuant to said bid constitutes a breach. This court finds defendant in breach of its bid and therefore liable for damages in the amount of $19,536.00.
Counsel for plaintiff shall prepare and submit, consistent with this decision, a judgment.